[Civ. No. 9231. Second Appellate District, Division Two.—February 20, 1935.]

AUGUSTA L. RAMSPERGER, an Incompetent Person, etc., Appellant, v. LOS ANGELES MOTOR COACH COMPANY (a Corporation) et al., Respondents.

Ford & Johnson and Loyd Wright for Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

SCOTT, J., *pro tem.*—Plaintiff, a pedestrian, sued to recover damages for injuries incurred when she was involved in an accident with a motor coach owned by corporation defendants and operated by the other defendants, their employees. Following the accident she became incompetent due, it is asserted, to injuries then inflicted. At conclusion of plaintiff's case motion for nonsuit was granted on grounds that the evidence failed to show negligence of defendants and did disclose contributory negligence as a matter of law on the part of plaintiff. From judgment entered thereon plaintiff appeals.

The accident occurred near the southeast corner of Wilshire and Westwood Boulevards at about 6 o'clock in the evening of the 19th of December. Defendants' bus had been going south on Westwood and had stopped for a traffic signal at the intersection of Wilshire. When the signal said ''Go'' the bus turned left to go south on Wilshire, proceeding at about ten to fifteen miles an hour, and may have swerved sharply to the right just before the moment of impact, which occurred at a point in the south half of Wilshire and from ten to fifteen feet east of the prolongation of the sidewalk lines on the each side of Westwood. After the impact the bus came to a stop within six or eight feet. Plaintiff, dressed in dark clothing, had set out to cross Wilshire, going from the northeast corner south across the street along a line from ten to fifteen feet east of the sidewalk line. The street lights were somewhat obscured by holiday decorations; the bus had its headlights on, was lighted inside and made quite a bit of noise. Plaintiff was hurrying as she left the curb to go south, slowed up about the middle of Wilshire, glanced to the right so that the approaching bus would have been within her line of vision and from 25 to 50 feet away, started to run south on the course as above described and came in contact with the side of the front end of the left front fender, falling down by the side of the bus wheel.

Under the facts, especially in view of the provisions of section 131½ of the California Vehicle Act, it appears that the motion for nonsuit was properly granted.

Appellant suggests that the bus should have passed to the right of the exact center of the intersection. Section 129 of the California Vehicle Act, which makes such a requirement, excepts a case where other "turning markers" are provided, such as appear in this case as indicated by the diagram in evidence and some fragments of testimony. The course followed by the bus in making the turn, even if it were too gradual a curve, could not be said to have been a proximate cause of the accident.

The doctrine of last clear chance is finally relied upon by appellant. This doctrine does not apply where both parties are contemporaneously and actively in fault down to the very moment of the injury, such fault proximately contributing to the collision, as in this case, and cannot be invoked in support of plaintiff's case. (*Palmer* v. *Tschudy*, 191 Cal. 696 [218 Pac. 36].)

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1935.