[Civ. No. 10675. First Appellate District, Division Two.—June 3, 1938.]

CONSTANCE THOMPSON, Respondent, v. MURRAY BALDWIN, Appellant.

704

Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

Jesse H. Miller for Respondent.

NOURSE, P. J.—On a trial with a jury plaintiff had a verdict for $6,000 in an action for damages for personal injuries. A motion for a new trial was made and denied, and the defendant has appealed from the judgment criticizing certain instructions and attacking the award as excessive.

There is no material conflict in the evidence, and though the defendant pleaded contributory negligence on the part of the plaintiff, no evidence was offered to support that issue. The plaintiff was walking northerly across California Street at its intersection with Polk Street, proceeding within the pedestrian lane clearly marked for that purpose. The defendant was driving an automobile westerly on California Street and stopped a few feet easterly of this crosswalk in obedience to an arterial stop sign placed at that corner of the intersection. While the automobile was standing in this position, the plaintiff, when approximately at the middle point of the intersection, looked to her right and, observing that the machine had stopped, passed on in front of it. While so doing the defendant started his car forward, causing the right front fender thereof to strike the plaintiff. The impact knocked the plaintiff to the pavement, and the right front wheel ran over one of her legs. Both of the bones of the leg were broken, and the fractures extended into the ankle joint. Plaintiff was given hospital treatment and confined to her bed from December 18, 1936, to February 4, 1937. Thereafter, she was able to get around to some extent with the use of crutches, but at the time of the trial, five months after the accident, she was still suffering pain and restriction of the motion at the ankle joint which appeared to be a permanent disability.

■ The appellant criticizes the giving of an instruction in the terms of the traffic ordinance of the city and county of San Francisco which provided that it should be unlawful "for the operator of any vehicle to drive into any crosswalk . . . while there is in such crosswalk upon the half of the roadway upon which such vehicle is traveling any pedestrian engaged in crossing the roadway until such pedestrian shall have passed beyond the path of said vehicle". It is contended that this portion of the ordinance is invalid as in conflict with the provisions of the state Vehicle Code relating to the same subject-matter. Section 560 of this code is the one referred to. It provides: "(a) The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk. . . . " Because of the peculiar circumstances of this case, we expressly refrain from passing on the question of the asserted invalidity of the ordinance provisions. Here the conceded facts are that when the plaintiff was at about the middle of the crossing she looked to her right and saw that the vehicle was stopped. When she had reached a point directly in front of the vehicle it was still stopped. Within all rules of reason she then had the right of way to proceed to the curb unmolested within the plain terms of the Vehicle Code. Under such circumstances the provisions of the ordinance referred to state nothing more than a commonplace injunction that the operator of a vehicle should not deliberately start forward and strike down one in the crosswalk who thus has the right of way to proceed.

■ The appellant complains of the instruction stating that "every person using a public highway has a right to assume that all other persons . . . know the law and that they will obey the law". Standing alone this instruction meets the condemnation of *Roller* v. *Daley's Incorporated,* 219 Cal. 542, 545 [28 Pac. (2d) 345]; *White* v. *Davis,* 103 Cal. App. 531, 545 [284 Pac. 1086], and similar authorities holding that this rule does not apply to one who is himself negligent. However, all the error which appears in this portion of the instruction is cured by other instructions given which clearly limit "every person" to one who is himself free from negligence.

■ Criticism is made of the instruction that it is the duty of the operator of an automobile to keep the machine under control and to anticipate the presence of others on the highway. It is argued that the instruction omits the test of ordi-

nary care, requires the operator of the vehicle to avoid all accidents, and takes from the jury the question of negligence. The argument is purely academic. The first two objections noted are fully covered by other instructions given. We cannot follow appellant's argument as to the third. The admitted facts are that the car was started forward when the respondent was directly in its path. If this was caused by appellant's failure to have the car under control or his failure to observe the presence of respondent in the crosswalk, the question of appellant's negligence was still a question of fact to be determined by the jury. It is a matter of no consequence what caused the car to proceed at that particular moment. Whether from lack of control or from carelessness, the result is the same—that it was either appellant's act of omission or his act of commission which caused the injuries.

■ Appellant complains of the refusal of the trial court to give his proffered instruction that it was his duty under the Vehicle Code to drive his automobile as close as practicable to the right-hand curb, and that if the jury found that he was doing so at that time "he was complying with the provisions of the Motor Vehicle Code". The proposed instruction was entirely too broad. He may have been complying with one provision of the code, but at the same time may have violated all the others. His compliance or noncompliance with this particular provision was no issue here because whether near or far from the curb, he was not justified in proceeding forward at a time when the plaintiff was directly in his path.

■ Finally it is argued that the damages are excessive and the amount of the verdict is the full extent of the argument. Nothing appears in the record which gives any semblance of passion or prejudice on the part of the jury. The case was thoroughly and fairly tried before an able trial judge who heard all the testimony relating to the respondent's injuries and noted her physical condition at the time of the trial. The verdict was attacked as excessive on a motion for new trial, and the same trial judge denied the motion. Under the state of the record we are therefore asked to substitute our judgment for that of the trial judge in a matter in which he is better qualified to act. ■ Though our affirmance of the judgment should not be treated as an approval of the award made, we are not inclined to interfere with the verdict on the ground that it is excessive when the record shows

no error in the course of the trial, no evidence of passion or prejudice, and the amount of the verdict is not so grossly excessive as to show prejudice in itself.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 2, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 1, 1938.