[Civ. No. 2357.   Fourth Appellate District.—February 13, 1940.]

MELVINA P. HALL, Respondent, v. MAX KAUFMAN et al., Appellants.

Arthur F. H. Wright for Appellants.

Hervey & Holt for Respondent.

GRIFFIN, J.—This is an action for damages suffered by plaintiff when she came in contact with a motor vehicle owned by the Western States Grocery Company and driven by Max Kaufman, its employee. This action was previously before this court for consideration. (*Hall* v. *Kaufman*, 30 Cal. App. (2d) 283 [86 Pac. (2d) 151].) The judgment was reversed for failure of the trial court to find on the defense of contributory negligence. After a retrial the court, sitting without a jury, made a finding that the defendant Kaufman was negligent and that the plaintiff was free from contributory negligence and awarded a judgment for the plaintiff against defendants for the sum of $5,603.17. From this judgment an appeal followed.

The accident occurred about 11:40 A. M., December 29, 1936, at the corner of Sixth Street and Broadway in the city of San Diego. These streets intersect each other at right angles with Broadway, running east and west. Traffic is controlled by signals. Pedestrain crossing lanes are established on each of the four sides of the intersection.

The appellant Kaufman testified that he was traveling in an automobile north on Sixth Street; that he approached Broadway and awaited the ''go'' signal for north and south bound traffic; that on the proper signal he commenced a turn on Broadway to his right or in an easterly direction; that at the edge of the north and south pedestrian crosswalk on the east side of Sixth Street he stopped to let several pedestrians pass; that he started his car again, proceeded three or four feet, and stopped a second time to let a man (Mr. Haines) pass in front of his car; that he saw no one to the right of him coming towards his car; that he then proceeded a few feet on through the crosswalk; that after his car had proceeded about eight feet into the crosswalk he heard and felt an impact; and that he turned his head to the right and saw Mrs. Hall ''reaching for something to hold onto''. Mrs. Hall fell to the pavement and was injured.

Mr. Haines testified that he had just passed in front of appellants' car; that he was going south in the crosswalk; that appellants' car was standing still at the time; that im-

mediately after he passed beyond the front of it he saw the car start to move easterly and that he noticed Mrs. Hall passing by him on his left going north; that he turned his head and saw her "going against the car; . . . that I turned in time to see her struck by the front fender of the automobile; that she went against the front door of the car; that she threw her head back and fell; that she came in contact with the side of the car at the front door".

Respondent Mrs. Hall testified that she was 72 years of age and that her eyesight was impaired to some extent. She said: "I had nearsighted eyes, also I had a stigmatism; I had had my right eye operated on, and Dr. Bond (in 1935) had changed the lens to that eye." As to the left eye she testified: "It was getting a little dim; I could see objects; I could not distinguish detail. . . . I could have seen your face, but I could not tell you the color of your eyes." She further testified that she stepped off the curb on the southeast corner of Sixth and Broadway when the "go" signal rang, and walked northerly to cross the street in the marked crosswalk; that she looked to her left and to her right just as she stepped off the curb, and thereafter looked straight ahead and proceeded in that direction; that she did not see any car near her; that after she progressed about eight or ten feet she came in contact with the body of a car; that the impact of the car turned her around to her right; that she was thrown out of balance and fell to the pavement; that the fall caused considerable injury to her left shoulder. She further testified that "when I was hit I didn't know up to that time what had happened, I didn't know what was happening to me because it was all done so quickly, then when I struck the automobile I realized I was in danger".

We believe this to be a fair statement of the entire evidence relating to the accident and injury. There is little if any conflict in the testimony of the witnesses.

It is appellants' contention that the record nowhere discloses any negligence whatsoever on the part of the appellant Max Kaufman, in proceeding through the intersection where the accident complained of happened and that the evidence clearly discloses that Mrs. Hall, in proceeding into the intersection, after looking but once, and walking directly into appellants' car, was guilty of such contributory negligence as would preclude any recovery by her.

Section 560, subdivision (a) of the Vehicle Code (1935) provided: "A driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection. . . . ". It can be reasonably interpreted from the evidence that respondent had stepped from the curb and was several feet in the crosswalk when appellant stopped his car to allow the witness Haines to pass in front of it. The evidence seems clear that respondent at that time was at the immediate right of and within a very few feet of the front end of appellants' car. Applying the rule above stated, under these facts appellant was obliged to yield the right of way to the respondent. (*Lowell* v. *Harris*, 24 Cal. App. (2d) 70, 83 [74 Pac. (2d) 551]; *People* v. *McLachlan*, 36 Cal. App. (2d) (Supp.) 754 [93 Pac. (2d) 280]; *Mitrovich* v. *Graves*, 25 Cal. App. (2d) 649 [78 Pac. (2d) 227]; *Thompson* v. *Baldwin*, 26 Cal. App. (2d) 703 [80 Pac. (2d) 198].)

It is also established that appellant did not see respondent in the crosswalk at that time, although she must have been there. There is sufficient evidence to justify the finding of the trial court that the appellant driver therefore was negligent.

As to the question of contributory negligence of respondent a much closer question presents itself. The evidence, when considered as a whole, rather indicates that respondent walked into the side of the passing automobile. Respondent, however, argues that the evidence would justify the conclusion, as found by the trial court, that she looked before entering the crosswalk and that she observed no oncoming vehicle approaching from her left; that she followed other pedestrians in the crosswalk who were properly crossing the street with the "go" signal; that appellants' car rounded the turn at the southeast corner while she was in the crosswalk and that due to the fact that appellant approached from the rear and to her left, and to the further fact of her relative position to the witness Haines, she was unable to observe the car; that the front of the car extended farther from the curb into Broadway than the right rear portion, due to the curved approach to the crosswalk; that although the front portion of the right fender missed her she was struck by that portion of the fender attached to the running board; and by reason of appellant's failure to

observe her there in the crosswalk she was negligently struck down and injured by the force of the moving automobile.

At the outset we may say, had the trial court found that respondent was guilty of contributory negligence under the facts related, we would have no hesitancy in holding that the evidence fully supported such finding, but that is not the question before us. Can we now say from the evidence, in the face of the finding that respondent was not guilty of contributory negligence, that the evidence considered in its most favorable light, established contributory negligence as a matter of law? There are cases upholding findings of contributory negligence where a pedestrian walked into the side of a passing car and outside of a pedestrian crosswalk. (*Francis* v. *Riddle,* 15 Cal. App. (2d) 282 [59 Pac. (2d) 532] ; *Sheldon* v. *James,* 175 Cal. 474 [166 Pac. 8, 2 A. L. R. 1493] ; *Ramsperger* v. *Los Angeles M. C. Co.,* 4 Cal. App. (2d) 673 [41 Pac. (2d) 562].) It is fairly well established that the question of contributory negligence is usually one of fact for the jury or court and must depend on the circumstances in each particular case. (*Francis* v. *Riddle, supra.*)

In *Naudack* v. *Canini,* 29 Cal. App. (2d) 687 [85 Pac. (2d) 510], the court said:

"As to the question of contributory negligence of respondent, it appears that under the more recent decisions of the courts of this state that question must be deemed to be one of fact for the determination of the jury. Whether such a person is guilty of contributory negligence in attempting to cross a street in front of an approaching automobile would depend upon all the circumstances under which he acted. This question is one for the determination of the jury or the trial court and their finding thereon is binding upon an appellate court. (Citing cases)."

(See, also, *Thompson* v. *Baldwin, supra; King* v. *Unger,* 25 Cal. App. (2d) 632 [78 Pac. (2d) 255]; *Gustafson* v. *Blunk,* 4 Cal. App. (2d) 630 [41 Pac. (2d) 953]; *Clark* v. *Bowers,* 116 Cal. App. 88, 91 [2 Pac. (2d) 486]; *Bogan* v. *White,* 137 Cal. App. 150, 152 [30 Pac. (2d) 429].)

It is settled that when a trial court has made its findings of fact from conflicting evidence all reasonable inferences are to be indulged in favor of such findings, and that the power of a reviewing court begins and ends with the inquiry

whether there is substantial evidence, contradictory or uncontradictory, which in and of itself will support the conclusions reached by the trial court, even though it may appear to us that the evidence would justify a contrary finding. There is evidence in the case at bar to support the findings of the trial court; consequently, they cannot be disturbed. (*Grant* v. *Ryon*, 11 Cal. App. (2d) 101 [53 Pac. (2d) 170].)

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 11, 1940.