BURKE, P. J.
 

 Plaintiff, a pedestrian, was struck by an automobile owned by defendant Arthur Benjamin Carmichael, Sr., which was being operated by his codefendant and son, Arthur Benjamin Carmichael, Jr., with the permission and consent of the father. Following a trial without a jury judgment for plaintiff for $4,263 was entered January 20, 1961. Defendants’ motion for new trial was granted on February 21,1961, “. . . unless the plaintiff . . . files a remission of judgment in writing, in the sum of $1,000.00. ...” This remission having been filed resulted in a judgment being entered in the sum of $3,263 from which defendants appeal.
 

 The parties signed a joint pretrial statement, which was made a part of the pretrial order, under which it was agreed that the accident took place on San Gabriel Place approximately 250 feet north of Rosemead Boulevard in Pico-Rivera, Los Angeles County; that the automobile. was being operated in a general northerly direction on San Gabriel Place . . . traveling at a speed of approximately 25 to 30 MPH. The collision did not occur at an intersection. The pedestrian collided with the left side of the Defendant’s automobile.” In its findings of fact and conclusions of law the court found that the defendant driver was driving at an excessive rate of speed, was negligent and that the injuries to plaintiff were the direct
 
 *665
 
 and proximate result of such negligence. A highway patrolman testified that the posted speed limit at the point of the collision was 25 miles an hour. While the evidence as to speed was somewhat in conflict it is apparent from the joint pretrial statement, in which a speed of 25 to 30 miles an hour was admitted, and from other supporting evidence, that the trial court’s finding of negligence on the part of the defendant driver was supported by the evidence. Such finding is binding upon this court.
 

 With respect to the issue of contributory negligence set forth in the pleadings, in the joint pretrial statement and pretrial order, the trial court makes no specific finding. Defendants contend that plaintiff was guilty of negligence which contributed proximately to the collision and injuries as a matter of law.
 

 Plaintiff testified that she and an escort had attended a bowling alley and then went to the Corral on Rosemead Boulevard, arriving at approximately 11 p. m.; that they had played shuffleboard and that she had one beer there; around midnight she left the Corral by the back door toward and across San Gabriel Place to a bowling alley on the east side of San Gabriel Place; there she made a telephone call and thereafter began to retrace her steps from the bowling alley across the street to the Corral. The point of crossing was roughly in the middle of the block; there was no crosswalk; she looked left and right after she cleared the cars parked in front of the bowling alley; she saw no vehicles approaching from either side and proceeded to cross the street; she looked again before reaching the center of the street and saw nothing; she stated that when she was about in the middle of the street “When I heard the
 
 screak
 
 then there was a machine—then the next thing I remember was laying down.” She thought the automobile was coming from her left and that the car was headed towards Rosemead Boulevard. She said it was the left side of her body that came in contact with the automobile.
 

 The highway patrolman, in attempting to reconstruct the accident, concluded that plaintiff had actually been crossing the street in the other direction since marks on the car indicated clearly that she had come in contact with the left-hand side of the car. Her body was found on the left-hand side of the car. The car skidded to a stop with the wheels remaining at the end of the skid marks at the time the officer made his observation and measurements. There appears to be no
 
 *666
 
 question from the evidence but that the car was traveling in the direction opposite from that stated by plaintiff. Both the driver and his companion testified that they saw the plaintiff approach very suddenly from their left and either run into or walk into the side of the automobile.
 

 The evidence is undisputed that the lights of the car were on at the time and that the car had traveled approximately 250 feet from the intersection to the point of impact. The evidence is also uncontradicted that there was nothing to obstruct the view of one crossing the street to see the approaching vehicle. The officer indicated that he had noticed alcohol on the breath of plaintiff and this was also noted in the medical reports at the hospital. While there was no evidence of intoxication, plaintiff’s version of the accident varied completely from the testimony of the other witnesses and the physical facts found at the scene of the accident.
 

 We have noted the absence of a specific finding by the court on the issue of contributory negligence. There is a “catch-all” finding reading “Except as hereinabove specifically found, none of the allegations in the pleadings which are inconsistent or contrary to the foregoing findings of fact are true.” However, such a finding does not negate the possibility of contributory negligence on the part of the plaintiff. (Code Civ. Proc., §§ 632, 634;
 
 Dorland
 
 v.
 
 Dorland,
 
 178 Cal.App.2d 664, 671 [3 Cal.Rptr. 262].)
 

 Failure to make definite findings on factual issues presented by pleadings, particularly where there is substantial evidence which would have sustained a finding for the appealing party, requires a reversal.
 
 (Parker
 
 v.
 
 Shell Oil Co.,
 
 29 Cal.2d 503, 512 [175 P.2d 838];
 
 Martin
 
 v.
 
 Chernabaeff,
 
 124 Cal.App.2d 648, 655 [269 P.2d 25];
 
 Bardeen
 
 v.
 
 Commander Oil Co.,
 
 48 Cal.App.2d 355, 357 [119 P.2d 967].)
 

 When construing plaintiff’s testimony most favorably towards establishing the absence of contributory negligence it appears clear that plaintiff was guilty of such negligence as a matter of law. The path taken by plaintiff was not a pedestrian crosswalk. She was crossing in the middle of the block. It was plaintiff’s duty to yield the right of way to passing vehicles under the provisions of section 21954,
 
 [1]
 
 subdivision (a), of the California Vehicle Code. She had no right to assume that drivers of vehicles would slow down in order to give way to her. Plaintiff was under the positive
 
 *667
 
 duty under the provisions of the statute to yield the right of way to all vehicles upon the roadway. She violated this statutory provision. Instead of allowing the vehicle to pass in front of her she stepped directly into the side of it. The driver of the car was afforded no opportunity to avoid striking her. These acts upon plaintiff’s part lead to the inescapable conclusion that she was guilty of contributory negligence which was the proximate cause of her injuries.
 

 Assuming that plaintiff did look, as she stated she did, before crossing the street, to look and fail to see what is in plain sight is to look without a reasonable degree of care and constituted negligence which proximately contributed to the accident. Had she not violated the law, or had she used ordinary care for her own safety, the accident would not have happened. Her negligence bars her recovery.
 
 (Chase
 
 v.
 
 Thomas,
 
 7 Cal.App.2d 440, 443-444 [46 P.2d 200].)
 

 Further, according to the testimony of the police officer, the actual point of contact between plaintiff and the automobile was at a point 4 feet back from the front of the car on the left front fender, thus clearly indicating that plaintiff walked into the side of the car after approximately a fourth of it had already passed by her. Under the circumstances this was negligence.
 
 (Francis
 
 v.
 
 Riddle,
 
 15 Cal.App.2d 282, 290 [59 P.2d 532].) While the burden of proof of the issue of contributory negligence is on defendant, plaintiff’s own evidence in the instant case established as a matter of law that she was contributorily negligent.
 
 (Hill
 
 v.
 
 Wilson,
 
 124 Cal.App.2d 472, 475 [268 P.2d 748];
 
 Ringo
 
 v.
 
 Johnson,
 
 99 Cal.App.2d 124, 131 [221 P.2d 267];
 
 Ramsperger
 
 v.
 
 Los Angeles M. C. Co.,
 
 4 Cal.App.2d 673 [41 P.2d 562].)
 

 Judgment is reversed.
 

 Jefferson, J., and Balthis, J., concurred.
 

 [1]
 

 Formerly section 568,