[Civ. No. 1614. Fifth Dist. Jan. 11, 1973.]

JAMES RAYMOND MORRIS, Plaintiff and Respondent, v.
DALE THOGMARTIN et al., Defendants and Appellants.

COUNSEL

Jacobus, Isham & Humpal and Richard B. Isham for Defendants and Appellants.

Hill & Mills and Carlyle J. Mills for Plaintiff and Respondent.

OPINION

BROWN (G. A.), P. J.—The respondent, James Raymond Morris, recovered a judgment for personal injuries in the sum of $9,223.43 against the appellants, Dale Thogmartin and Wanda Thogmartin doing business as Dale's Superette. The trial was before the judge sitting without a jury. Appellants contend that (1) the findings of fact are not supported by substantial evidence, and (2) the trial court committed reversible error in refusing appellants' request for specific findings.

We have concluded that the evidence supports the findings and judgment, but the cause must be remanded for the limited purpose of making the requested additional findings pursuant to the statutory mandate of Code of Civil Procedure section 634.[1]

The evidence will be stated in a light most favorable to the respondent and in support of the judgment. (*Leming* v. *Oilfields Trucking Co.* (1955) 44 Cal.2d 343, 346 [282 P.2d 23, 51 A.L.R.2d 107]; *Richter* v. *Walker* (1951) 36 Cal.2d 634, 640 [226 P.2d 593].)

Appellants owned and operated a small combination liquor-grocery store near Porterville, California. Wilbur Bagby was their clerk-manager. Respondent was a customer in the store who was injured during an altercation on the premises between Bagby and Henry Barrios and Johnny Sandoval.

Previous to the evening of October 23, 1966, Bagby had had trouble with both Barrios and Sandoval. On the day before the fracas here involved, Bagby had accused Barrios of shoplifting.

On October 23, 1966, at about 8 p.m., Barrios and Sandoval entered the store. Barrios wanted to make a purchase and Bagby refused to serve him. He also refused to sell alcohol to Sandoval because he was under age. An argument ensued which lasted about three minutes. Barrios and Sandoval angrily flounced out of the store, stating in a threatening manner

---

[1]All references herein are to the California Code of Civil Procedure unless otherwise indicated.

that they would be back. Bagby immediately sent his son to get Bagby's gun from his parked car near the store.

Bagby did not warn the other customers, including respondent, did not call the sheriff's office, and did nothing else at that time to protect them.

Barrios and Sandoval, armed with wrenches and tire irons, returned shortly and during the subsequent fight respondent was hit, battered and severely injured.

As finally signed and filed, the court's findings of fact and conclusions recite:

"I

"That defendants were negligent through the negligent conduct of their employee.

"II

"That the negligence of defendants proximately caused injury to the plaintiff.

"III

"That plaintiff suffered special damages in the amount of $4,223.43.

"IV

"That plaintiff suffered general damages in the amount of $5,000.

"V

"That plaintiff was not guilty of negligence himself which proximately contributed to the injury.

"VI

"That plaintiff did not voluntarily assume the risk of injury or damage upon entering said premises.

"Conclusions of Law

"I

"Plaintiff has established a right to recover special and general damages for injuries suffered as a result of the negligence imputable to the defendants in the total amount of $9,223.43."

 There can be no dispute that the owner of a place of business open

to the public has a duty to exercise reasonable care to protect business invitees against danger from the conduct of third persons on the premises, and in such a situation the issues of reasonable care and foreseeability of harm are normally questions of fact. (*Taylor* v. *Centennial Bowl, Inc.* (1966) 65 Cal.2d 114 [52 Cal.Rptr. 561, 416 P.2d 793]; *Edwards* v. *Hollywood Canteen* (1946) 27 Cal.2d 802 [167 P.2d 729]; *Sample* v. *Eaton* (1956) 145 Cal.App.2d 312 [302 P.2d 431]; *Winn* v. *Holmes* (1956) 143 Cal. App.2d 501 [299 P.2d 994].)

The arguments served up by appellant to this court on this phase of the case are attempts to reargue the evidence and the reasonable inferences that may be drawn therefrom. The effort must fail in the face of applicable principles of appellate review. ■ The Supreme Court recently summarized those rules which have been routinely, if not monotonously, repeated over the years: "In resolving the issue of the sufficiency of the evidence, we are bound by the established rules of appellate review that all factual matters will be viewed most favorably to the prevailing party [citations] and in support of the judgment [citation]. All issues of credibility are likewise within the province of the trier of fact. [Citation.] 'In brief, the appellate court ordinarily *looks only at the evidence supporting the successful party, and disregards the contrary showing.*' [Citation.] All conflicts, therefore, must be resolved in favor of the respondent. [Citation.]" (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925-926 [101 Cal. Rptr. 568, 496 P.2d 480].)

Applying these principles to the facts recited, it is patent that the findings and judgment are adequately supported by the evidence in that the facts bring into operation the legal principles establishing the duty owed by a shopkeeper to a customer to which we have hereinabove referred.

■ The second point presents a problem more difficult of resolution. Appellants filed timely "objections to proposed findings of fact, conclusions of law and request for special findings." The pertinent parts of that document state:

"Defendants object to the proposed findings of fact and conclusions of law hereto submitted to the court by plaintiff and request special findings as follows:

"1. Objection is hereby made to the proposed finding of fact number I on the ground that it is not supported by the evidence and it fails to state in what way defendants or their employee were negligent.

"2. Objection is hereby made to proposed conclusion of law number I

on the ground that said conclusion does not state in what way plaintiff has established the right to recover damages from defendants.

"In addition to the objections aforementioned, defendants request special findings of fact and conclusions of law on the following issues:

"1. Foreseeability of harm to plaintiff as a result of defendants' acts or omissions.

"2. Nature and the extent of the duty owed by defendants to plaintiff under the evidence in this case.

"3. The acts of defendants which constituted breach of the duty defined in number 2 above."

The trial judge denied the objections and request.[2]

Section 632 provides in part: "Where findings are required, they shall fairly disclose the court's determination of all issues of fact in the case."

Section 634 as amended in 1959 and 1968 states: "When written findings and conclusions are required, and the court has not made findings as to all facts necessary to support the judgment or a finding on a material issue of fact is ambiguous or conflicting, and the record shows that such omission, ambiguity or conflict was brought to the attention of the trial court either prior to entry of judgment or in conjunction with a motion under Section 657 or 663, it shall not be inferred on appeal or upon a motion under Section 657 or 663 that the trial court found in favor of the prevailing party as to such facts or on such issue."[3]

The broad purpose of the 1959 amendment to section 634 was to overcome the effects of the doctrine of implied findings by authorizing the filing of a request for specific findings. (4 Witkin, Cal. Procedure (1971) Trial, § 341 (c), p. 3142.)

An early authoritative case explaining the purpose and scope of the

---

[2]The findings were amended to add paragraphs V and VI as they read in the findings hereinabove set forth, relating to contributory negligence, proximate cause and assumption of risk.

[3]California Rules of Court rule 232, subdivisions (d) and (e), provide:

"(d) Any party affected by the judgment, whether or not he has made a request for findings, *may*, within 15 days after the proposed findings, conclusions and judgment are served on him, serve and file objections to the proposed findings, conclusions or judgment, which may include proposed counter-findings and conclusions, or an alternative form of judgment *or a request for further or specific findings.*

"(e) Findings shall fairly disclose the court's determination of all issues of fact material to the judgment in the case and shall be concisely and chronologically stated whenever practicable. Findings shall not refer merely to the truth or falsity of allegations contained in the pleadings." (Italics added.)

amendment is *Garber* v. *City of Los Angeles* (1964) 226 Cal.App.2d 349, 355-356 [38 Cal.Rptr. 157], per Burke, P. J., wherein the court said: "It is evident from the background of the legislation that its purpose was to discourage the mere finding of so-called ultimate facts when such method left counsel and the appellate court unable to determine the trial court's resolution of the conflicting facts needed for a factual determination of the case. The purpose of the amendment was to compel the trial judge, when requested, to make findings on specified material issues of fact. [Citation.] In *Hine* v. *Carmichael*, 205 Cal.App.2d 663, 666 [23 Cal.Rptr. 331], the court stated: 'Failure to make definite findings on factual issues presented by pleadings, particularly where there is substantial evidence which would have sustained a finding for the appealing party, requires a reversal.'

"Thus, a salutary purpose is served by the amendment, and the legislative history and background of the measure leave no room for doubt as to the legislative intent. [Citation.]"

That central concept was explained in *DeArmond* v. *Southern Pacific Co.* (1967) 253 Cal.App.2d 648, at page 658 [61 Cal.Rptr. 844], to be: "The broad purpose of the amendment seems to have been to alleviate the frustration of losing litigants and their attorneys confronted with non-communicative trial judges . . . who frequently (with the aid of successful counsel) couched their findings of fact in terms so 'ultimate' that it was extremely difficult, if not impossible, to determine either the factual basis or legal theory of the decision. Cases are legion in which the frustration of the loser has been shared by reviewing courts. If findings are to serve any purpose they should, as section 632 now requires 'fairly disclose the court's determination of all issues of fact.' " (Fn. omitted.) (See *Selected 1959 Code Legislation* (1959) 34 State Bar J. 638; Horton, *Findings of Fact Remedial Amendments* (1959) 34 State Bar J. 850; Horton, *Findings of Fact and Appeals* (1961) 36 State Bar J. 83.)

More recently, in *Ball* v. *American Trial Lawyers Assn.* (1971) 14 Cal.App.3d 289, at page 307 [92 Cal.Rptr. 228], the court said: "Whether a finding be in terms of a finding of an ultimate fact or whether it be a mislabeling of a conclusion of law, in face of a request for findings of specific facts under Code of Civil Procedure section 634, a finding may be inadequate. The purpose of section 634 'was to discourage the mere finding of so-called ultimate facts when such method left counsel and the appellate court unable to determine the trial court's resolution of the conflicting facts needed for a factual determination of the case. The purpose of the amendment was to compel the trial judge, when requested, to make

findings on specified material issues of fact.' [Citations.] A finding on a subsidiary fact probative of the ultimate fact can be material. 'The findings of probative facts can be used to overcome an express finding of the ultimate fact found, or [*sic*] where it appears that the trial court made the alleged finding of ultimate fact simply as a conclusion from the particular facts found.' [Citation.] The findings of fact must be definite and certain so that the defeated party may show how or in what manner the findings made are unsupported by the evidence. [Citations.]"

The cases are generally consistent with this interpretation. In *Garber* v. *City of Los Angeles, supra,* 226 Cal.App.2d 349, 355, on the issue of whether the city had notice of a defective condition in a sidewalk which caused injuries to plaintiff as a result of a fall, the court found only on the ultimate fact of no notice, either actual or constructive. The plaintiff requested specific findings under section 634 as to whether there had been a previous fall at that location. The trial court refused to honor the request. The appellate court reversed, holding that pursuant to the request such findings should have been made.

In *Shell Oil Co.* v. *Allied Constr. & Eng. Co.* (1971) 22 Cal.App.3d 1 [98 Cal.Rptr. 922], the court held the finding of negligence in general terms insufficient in the face of a request for specific factual findings under section 634, upon which the finding of negligence was predicated.

In *Culbertson* v. *Cizek* (1964) 225 Cal.App.2d 451, 465 [37 Cal.Rptr. 548], the trial court made a finding on the issue of total cost on a construction contract but refused to make specific findings on the reasonable value of extras and changes under the contract. The appellate court reversed.

In *Ortiz* v. *Avila* (1963) 222 Cal.App.2d 786, 790-792 [35 Cal.Rptr. 522], the defendant allegedly maintained a fiduciary relationship with the plaintiff. In an action to recover money from the defendant, the trial court refused to make specific findings on the issues of subnormal intelligence of plaintiff and confidential relationship. The appellate court reversed.

Consonant with express requirements of the statute and judicial precedent, we conclude the trial court should have made the specific findings requested. However, respondent argues that (1) the court's memorandum of decision may be used to supply the deficiencies in the findings and conclusions, and, in any event, (2) appellants' form of request for specific findings is inadequate in that it should have set forth in precise language the counter-findings desired.

■ We find it unnecessary to discuss whether the memorandum decision did in fact contain the information demanded in the request for specific findings inasmuch as that memorandum may be used only for the purpose of explaining and interpreting the findings. The memorandum decision cannot be relied upon to fill the interstices in the findings and conclusions left void by the failure to find pursuant to a properly filed request under section 634. (*Union Sugar Co.* v. *Hollister Estate Co.* (1935) 3 Cal.2d 740, 749-750 [47 P.2d 273]; *Wise* v. *Clapper* (1968) 257 Cal.App.2d 770, 777, fn. 2 [65 Cal.Rptr. 231]; 6 Witkin, Cal. Procedure (1971) Appeal, §§ 230, 231, 232, pp. 4220-4222.)

■ Regarding respondent's contention that the form of appellants' request is defective, it is noted that in 1968 section 634 was amended to omit the former provision for a request for specific findings and to substitute therefor broad language which permits a party to use any method to bring "to the attention of the trial court" the omission, ambiguity or conflict. Construing this change in conjunction with the fundamental purpose of the legislation as being to require the trial court to explain the factual and legal basis upon which its decision rests, we are impelled to the conclusion that the duty of complying with the requirement for special findings rests upon the trial court, not the losing party. The antipodal position of the trial judge who has decided a cause against a party and the losing party is obvious. To require a losing party to guess and speculate as to the factual and legal basis of the court's position and *ratio decidendi* by requiring him to prepare the form and content of findings and conclusions is inconsistent with the purpose and history of the statute; further, it is incongruous to require him to prepare findings and conclusions that he may subsequently desire to attack in the trial court or on appeal.

*Jay* v. *Dollarhide* (1970) 3 Cal.App.3d 1001, 1032-1033 [84 Cal. Rptr. 538], an opinion of this court relied upon by respondent, is distinguishable on its facts from the case at bench and may in some respects be reconciled with the conclusions herein upon the basis of semantical differences in definitional concepts regarding evidentiary versus ultimate facts versus conclusions of law. Notwithstanding such distinctions, however, any statement of legal principles therein inconsistent with those expressed herein dealing with the interpretation and requirements of sections 632 and 634 are disapproved.

The record reflects that the cause was exhaustively tried below. In our opinion, a new trial is not necessary. The judgment is reversed with direction to the trial court to vacate its findings of fact and conclusions of law and *its judgment entered thereon; to permit either side to introduce*

any additional evidence if so requested; and thereafter, to make new findings of fact and conclusions of law upon the basis of evidence previously presented and such additional evidence as may be presented and in conformity with the views expressed herein and enter judgment thereon.

Gargano, J., and Franson, J., concurred.