[Civ. No. 43991. Second Dist., Div. Five. Jan. 2, 1975.]

MOLLIE SLATER, Plaintiff and Appellant, v.
ALPHA BETA ACME MARKETS, INC., Defendant and Respondent.

**COUNSEL**

Feldman & Golde and Phillip Feldman for Plaintiff and Appellant.

Chase, Rotchford, Drukker & Bogust and David Clark for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—Plaintiff, Mollie Slater (Slater) appeals from an adverse judgment entered after the granting of defendant's motion made at the conclusion of plaintiff's case pursuant to Code of Civil Procedure section 631.8.[1] Findings of fact and conclusions of law were signed by the court.

The undisputed facts are as follows: Defendant; Alpha Beta Acme Markets, Inc. (Alpha Beta) operated a supermarket in North Hollywood.

[1]Code of Civil Procedure, section 631.8 provides as follows: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make findings as provided in Sections 632 and 634 of this code, or may decline to render any judgment until the close of all the evidence. Such motion may also be made and granted as to any cross-complaint.

"If the motion is granted, unless the court in its order for judgment otherwise specifies, such judgment operates as an adjudication upon the merits."

Prior to the date of January 19, 1970, and within two months preceding, Alpha Beta had suffered two armed robberies by a person identified by witnesses as the same individual. After each robbery Alpha Beta notified the Los Angeles Police Department.

On January 19, 1970, at approximately 6 p.m., Slater was a customer of Alpha Beta. At this time there were also inside the store two plainclothes officers of the Los Angeles Police department conducting a surveillance of the market's checkout stands. Alpha Beta cooperated in this endeavor by allowing the officers access to its store. The purpose of the surveillance was to apprehend anyone who might attempt to rob the market, and in particular, to capture the individual who previously robbed the market on two occasions. Neither Alpha Beta nor the police department had actual knowledge that a robbery would in fact occur on January 19, 1970.

Alpha Beta at all times pertinent maintained a security department which had been advised of the two earlier robberies.

On January 19, 1970, an armed robber, identified by witnesses as the same individual who had committed the two prior robberies, conducted a third robbery of the market checkout stands while Slater was waiting in line at one of the stands. During the course of the robbery, police officers came into view with weapons drawn. The robber fired one shot from a pistol into the store's ceiling. Slater was pushed to the floor, onto her knees, by an unidentified female customer. No employee, officer or agent of Alpha Beta or the City of Los Angeles touched, threatened, battered or assaulted Slater.

No warning whatsoever was given Slater at any time by either Alpha Beta or the police officers of the two prior robberies or of the surveillance being conducted.

Slater alleges that she suffered bodily and psychological injuries as a result of these events. The trial court, however, expressly made no finding with regard thereto.

Slater contends that when a possessor of land (supermarket) discovers that intentionally harmful acts of third persons may injure a customer, notification of police authority does not, in the absence of warning to the customer, or other actions, constitute reasonable care to protect the customer from such acts.

■ There can be no dispute that the owner of a place of business open to the public has a duty to exercise reasonable care to protect its customers against danger from the conduct of others on its premises.

In *Rowland* v. *Christian,* 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], the court ruled that the liability of a occupier of land should be determined in accordance with the provisions of section 1714 of the Civil Code.[2] The court concluded at page 119, "The proper test to be applied to the liability of the possessor of land in accordance with section 1714 of the Civil Code is whether in the management of his property he had acted as a reasonable man in view of the probability of injury to others, and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determinative."

■ Defendant's standard of care under section 1714, the foreseeability of harm, and the reasonableness of defendant's conduct are questions for the trier of fact. (*Morris* v. *Thogmartin,* 29 Cal.App.3d 922, 925-926 [105 Cal.Rptr. 919]; *Martin* v. *Barclay Distributing Co.,* 13 Cal.App.3d 828, 831 [91 Cal.Rptr. 817].) ■ Under Civil Code sections 1708 and 1714 the trier of fact has the burden not only of deciding what the facts are, but what any unformulated standard is of reasonable conduct of the ordinary prudent or reasonable person under like circumstances. (*Beauchamp* v. *Los Gatos Golf Course,* 273 Cal.App.2d 20, 26 [77 Cal.Rptr. 914].)

In determining a motion under section 631.8, the trial court is commanded by that statute to "weigh the evidence . . . ." ■ If the motion is granted, its findings are entitled to the same respect on appeal as any other findings and are not reversible if supported by substantial evidence. (*Canales* v. *City of Alviso,* 3 Cal.3d 118, 126 [89 Cal.Rptr. 601, 474 P.2d 417].) ■ Where two or more inferences reasonably can be drawn from the facts, an appellate court is without power to substitute its deductions for those of the trial court. (*Rodriguez* v. *North American Rockwell Corp.,* 28 Cal.App.3d 441, 447 [104 Cal.Rptr. 678]; *Arrowhead Mut. Service Co.* v. *Faust,* 260 Cal.App.2d 567, 577 [67 Cal.Rptr. 325].)

---

[2]Civil Code section 1714 provides in part as follows: "Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. . . ."

█ In the present case, the court concluded: "1. Defendant Alpha Beta owed plaintiff a duty of reasonable care to protect her from the accidental, negligent, or intentionally harmful acts of third persons, and is subject to liability to plaintiff for physical harm caused to her thereby by the failure of defendant Alpha Beta to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable plaintiff to avoid the harm, or otherwise to protect her against it.

"2. Defendant Alpha Beta exercised reasonable care to (a) discover that intentionally harmful acts of third persons were being done or were likely to be done on the premises, and (b) to protect plaintiff against such acts. Accordingly, defendant Alpha Beta was not negligent."

In reaching its conclusion, the trial court properly relied upon the principles set forth in Restatement Second of Torts, section 344.[3] (See *Barker* v. *Wah Low,* 19 Cal.App.3d 710, 714 [97 Cal.Rptr. 85].) Under the circumstances, the trial court could reasonably find that defendant adequately discharged its duty to its customers; it notified the police department of the prior robberies; police personnel were posted throughout the store and Alpha Beta's security was fully advised of the existing situation. We conclude from the facts recited that the findings are adequately supported by the evidence, and that the findings support the judgment.

The judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied January 22, 1975, and appellant's petition for a hearing by the Supreme Court was denied February 26, 1975.

---

[3]Restatement Second of Torts, section 344 provides: "A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it."