[No. G005070. Fourth Dist., Div. Three. Dec. 14, 1988.]

In re the Marriage of GLADYS LUANNE and JOSEPH C. DITTO.
GLADYS LUANNE DITTO, Appellant, v.
JOSEPH C. DITTO, Respondent.

**[Opinion certified for partial publication.[1]]**

[1] Pursuant to California Rules of Court, rule 976.1, part III is not published, as it does not meet the standards for publication.

**COUNSEL**

Willis A. Frambach for Appellant.

Marjorie G. Fuller and James C. Booth for Respondent.

**OPINION**

**SONENSHINE, J.**—Gladys Ditto appeals a judgment on reserved issues, claiming the trial court erred in retroactively applying Civil Code section 4800.2,[2] determining the amount of spousal support, and in denying her attorney fees.

I

Gladys and Joseph Ditto married in 1953 and separated in 1984. The petition for dissolution of marriage was filed on February 4, 1985. The issues presented at trial concerned property division, spousal support, and attorney fees.

The court, in its memorandum of intended decision, indicated it was retroactively applying Civil Code section 4800.2. No request for a statement of decision was made (Code Civ. Proc., § 632), nor was one rendered. The

---

[2] Gladys never tells us which part of the judgment is affected. Rather, she argues "[b]ecause . . . the errors assigned so contaminate the entire judgment . . . [it must] be reversed and . . . the case . . . remanded for a new trial with instructions."

judgment is silent with respect to the court's reasoning; it merely confirms certain property of the parties as separate property and divides the community property.

## II

■ Gladys appeals the judgment, claiming the court erroneously applied section 4800.2 retroactively. In *In re Marriage of Hopkins & Axene* (1988) 199 Cal.App.3d 288 [245 Cal.Rptr. 433], we held "Civil Code section 4800.2 [does not] govern in a dissolution proceeding filed after January 1, 1984, but involving property acquired before that time, where judgment was rendered prior to January 1, 1987." (*Id.*, at p. 289.) If we were to look only to the court's memorandum, we would conclude the trial court employed the wrong standard.

■ Gladys elected on appeal to submit a clerk's transcript containing various pleadings of the parties, their trial briefs, a memorandum of tentative decision, and the judgment on reserved issues. We must therefore decide whether the record on appeal discloses the error. (Cal. Rules of Court, rule 52; *White* v. *Jones* (1955) 136 Cal.App.2d 567, 570-571 [288 P.2d 913].) To answer this question, we first address whether the memorandum of intended decision can be considered part of the record on appeal.

In *Estate of Bernard* (1962) 206 Cal.App.2d 375 [23 Cal.Rptr. 828], appellant appealed "from an order denying his petition for probate of an alleged lost or destroyed will." (*Id.*, at p. 377.) The court noted the appeal was taken on the judgment roll. "The court's opinion, which contain[ed] a lengthy purported summary of the evidence, [was] made a part of the clerk's transcript by request of the appellant." (*Id.*, at p. 377.) The *Bernard* court, relying on *Cohen* v. *Metropolitan Life Ins. Co.* (1939) 32 Cal.App.2d 337 [89 P.2d 732], concluded the court's memorandum of intended decision was not part of the record on appeal.

■ "[T]he reasons of a trial court . . . do not in a strict sense constitute a part of the record on appeal . . . ." (*Coakley* v. *Ajuria* (1930) 209 Cal. 745, 749 [290 P. 33].) There are instances where a court's comments may be "valuable in illustrating the trial judge's theory but . . . they *may never be used to impeach the order or judgment.* [Citation.]" (*Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 438 [2 Cal.Rptr. 137, 348 P.2d 687], italics added.)

And there is good reason for this rule. "[A] court is not bound by its statement of intended decision and may enter a wholly different judgment than that announced." (*Canal-Randolph Anaheim, Inc.* v. *Willkoski* (1978)

78 Cal.App.3d 477, 494 [144 Cal.Rptr. 474].) "Neither an oral expression nor a written opinion can restrict the power of the judge to declare his [or her] final conclusion in his [or her] findings of fact and conclusions of law. [Citation.] The findings and conclusions constitute the final decision of the court and an oral or written opinion cannot be resorted to for the purpose of *impeaching* or gainsaying the findings and *judgment*. [Citation.] . . . [W]e are concerned with the correctness of the decision and judgment rather than with the reasons, as expressed in the opinion, which motivated the trial court in reaching its conclusions. [Citations.]" (*Buckhantz* v. *R. G. Hamilton & Co.* (1945) 71 Cal.App.2d 777, 781 [163 P.2d 756], italics added.)

■ Gladys may not rely solely on the memorandum of intended decision. "The memorandum decision cannot be relied upon to fill the interstices in the findings and conclusions left void by the failure to find pursuant to a properly filed request under [Code of Civil Procedure] section 634. [Citations.]" *Morris* v. *Thogmartin* (1973) 29 Cal.App.3d 922, 930 [105 Cal.Rptr. 919].) The proper procedure, after the trial court issues its memorandum of decision, is to request a Code of Civil Procedure section 632 statement of decision.

A statement of decision allows the trial court to review its memorandum of intended decision and "to make . . . corrections, additions, or deletions it deems necessary or appropriate." (*Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129 [210 Cal.Rptr. 114].) Such statement thus enables a reviewing court "to determine what [law] the trial court employed . . . ." (*Roccaforte* v. *City of San Diego* (1979) 89 Cal.App.3d 877, 887 [152 Cal.Rptr. 558].) It is the statement of decision which allows the court to place upon *the record* its view of facts and law of the case. (*In re Marriage of S.* (1985) 171 Cal.App.3d 738 [217 Cal.Rptr. 561].) A failure to request a Code of Civil Procedure section 632 statement results in a waiver of such findings; Gladys cannot now be heard to complain. (*University of San Francisco Faculty Assn.* v. *University of San Francisco* (1983) 142 Cal.App.3d 942 [191 Cal.Rptr. 346].)

Gladys failed to request a statement of decision and/or a transcript of the proceedings. She cites us to the memorandum of intended decision to support her allegations of error. But such references are improper and must be disregarded. (*Trustees of California State University & Colleges* v. *National Collegiate Athletic Assn.* (1978) 82 Cal.App.3d 461 [147 Cal.Rptr. 187].) We must therefore presume the judgment is correct. (*Beehan* v. *Lido Isle Community Assn.* (1977) 70 Cal.App.3d 858 [137 Cal.Rptr. 528].) ■ "An order will not be deemed to be limited by an opinion or judicial reasoning unless the intention to limit is clearly expressed in the order. . . . [Citations.] The mere statement of reasons in the order is not sufficient to show

such intention to limit." (*Yarrow* v. *State of California, supra,* 53 Cal.2d 427, 438.) In other words, we look only to the judgment to determine error.

■ "In the case at bar no error appears on the face of the record. Appellant[s'] only claim is that the [trial court, as indicated in its memorandum of intended decision, retroactively applied Civil Code section 4800.2. But the memorandum may not be considered by us.]" (*White* v. *Jones, supra,* 136 Cal.App.2d 567, 571.) We must presume that oral evidence received by the trial court sustained the findings. And this judgment merely divides the property.[3]

■ ■ ■ ■ ■ We are mindful that in the instant case the alleged error is one of law and not one of fact. But the result is the same. In both instances, whether the trial court in its intended decision made an alleged error of law or fact, the intended decision remains only an intended decision. It is the statement of decision and judgment which allow the trial court to rectify any errors. Because a statement of decision was not requested, the trial court did not have the opportunity to amend; the judgment therefore governs.[4]

---

[3] Joseph alleges "The basis for the trial court's decision to reimburse Husband does not appear in the record. The judgment simply provides that Husband is to be reimbursed certain funds for his separate property contributions in the original purchases of certain properties."

But as Joseph correctly argues, "There are several bases in law for one party to a dissolution to be reimbursed for his or her separate property contributions to community property. One of them is pursuant to Civil Code Section 4800.2, in effect at date of trial providing that 'in the division of community property under this part unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source.'

"Another basis is pursuant to *In re Marriage of Lucas* (1980) 27 C3d 808, the law prior to the enactment of Section 4800.2, providing reimbursement when there was a written or oral agreement for reimbursement of separate property contributions to community property acquisitions.

"[B]ecause the judgment does not reveal any other reference to Husband's separate funds than those reimbursed for the purchases of property, it may be properly inferred that this was in accordance with Wife's request, or that Wife had waived any alleged transmutation of the inherited funds.

"There is no other evidence in the record on appeal to show whether there was or was not any agreement to waive or provide reimbursement, nor to provide a basis for attack on the trial court's conclusion. Where an alleged error in law does not appear on the face of the judgment it must be conclusively presumed that the trial court received sufficient evidence for its findings, and that the decision was proper."

[4] In *Canepa* v. *Sun Pacific, Inc.* (1954) 126 Cal.App.2d 706, 714 [272 P.2d 860], the reporter's transcript and pleadings disclosed the error. Thus, because "possible doubts exist[ed] [the trial court's written opinion was] referred to for explaining the judge's decision. [Citation.]"

In *City of San Diego* v. *American Federation* (1970) 8 Cal.App.3d 308 [87 Cal.Rptr. 258], and *Bailey* v. *Fosca Oil Co.* (1960) 180 Cal.App. 2d 289 [4 Cal.Rptr. 474], memorandums of

The judgment must be affirmed. ■ Where, as here, no statement of decision was requested, all intendments will favor the trial court's ruling and it will be presumed on appeal that the trial court found all facts necessary to support the judgment.[5]

### III*

. . . . . . . . . . . . . . . . . . . .

### IV

■ The judgment did not award fees to either party. Gladys contends this was error. She maintains "an award of spousal support ought to trigger a rebuttable presumption that an award of attorneys fees is warranted." She concedes "attorney fees [are not] mandated to every recipient of spousal support. But [she] does contend that if a court elects to use its discretion not to award attorney fees to a recipient of spousal support, it ought to be required, as a matter of course, to announce findings of whatever facts dispelled the presumption."

Once again, Gladys fails to appreciate the significance of Code of Civil Procedure section 632. It serves the purpose of allowing the trial court the opportunity to express its reasoning. Having failed to request a statement of decision, Gladys cannot now complain.

Judgment affirmed. Joseph to receive costs on appeal.

Scoville, P. J., and Wallin, J., concurred.

A petition for a rehearing was denied January 5, 1989, and the petition of appellant Wife for review by the Supreme Court was denied March 15, 1989.

---

intended decision were referred to *when reference to the entire record disclosed the error.* Not so here.

[5] Indeed, the judgment itself notes "No written request for Statement of Findings having been timely received, the court after *due consideration* of all evidence, makes its findings and judgment. . . ." (Italics added.)

*See footnote, *ante,* page 643.