Filed 5/5/14  Strom v. Artega CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| SCOTT C. STROM, | C070232 |
| Plaintiff and Appellant, | (Super. Ct. No. SFS023817) |
| v. | |
| TERESA ARTEAGA, | |
| Defendant and Respondent; | |
| PLACER COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

A father appeals an order establishing that he owes $262,276.32 in child support arrearages and interest.  As he did in the trial court, he claims that the mother (1) agreed to terminate his support obligation, (2) concealed the child, and (3) concealed her right to support arrearages in her bankruptcy case.  The trial court, however, considered each of these factual claims and properly applied the law.  Therefore, we affirm.

1

FACTS AND PROCEDURE

Steven M. Strom was born in May of 1993 to Teresa F. Arteaga (Mother) and Scott C. Strom (Father), who were never married. In 1997, the superior court ordered Father to pay $948 per month in child support to Mother. Father, however, failed to pay support and, by late 2009, owed Mother a substantial amount of support arrearages.

In 2010, Father filed an application for order to show cause to vacate the arrearages, naming Mother and Placer County Department of Child Support Services. Mother responded by requesting to have support arrearages established by the court. The court held a contested hearing on child support arrearages.

In Father's statement of issues and contentions for trial, he claimed that (1) Mother is equitably estopped from asserting her right to child support arrearages because of an agreement he alleged was made between Mother and Father in 1996 that she would not seek child support and he would abandon efforts to have visitation with the child, (2) Mother intentionally waived her right to receive child support by concealing the child, and (3) Mother is judicially estopped from asserting her right to child support arrearages because she did not list the arrearages as an asset in her 2008 bankruptcy case.

After trial, the court filed a tentative decision holding that (1) Mother is not equitably estopped from asserting her right to child support arrearages because there was no agreement between the parties to terminate payments, (2) Mother did not conceal the child and therefore did not intentionally waive her right to receive child support, and (3) Mother is not judicially estopped from asserting her right to child support arrearages because (a) Father failed to establish that the child support arrearages should have been listed as an asset in Mother's bankruptcy case and (b), even if the arrearages should have been listed, there was no evidence that Mother acted in bad faith.

Father filed a request for statement of decision asking the trial court to further explain its reasoning on the controverted issues. Father also asked the court to make findings concerning additional issues not necessary to resolution of the controverted legal

2

issues. For example, he argumentatively asked the court to determine whether "$250,000 in child support arrears is reasonably necessary to support the parties' son for the next 11 days when he reaches age of majority . . . ." And he asked the court to determine whether Mother "acted in bad faith by waiting until the parties' son was just shy of becoming age of majority, thereby preventing [Father] from participating in his son's upbringing, before she decided to initiate enforcement of support arrears she allowed to accrue," even though Father did not seek a determination of that issue at trial.

Mother prepared a proposed statement of decision, and Father filed objections to the proposed statement of decision. He objected that it did not meet the requirements of Code of Civil Procedure section 632 because it did not resolve all controverted issues and material facts. He argued that numerous facts found against him, such as whether Mother concealed the child, should be found in his favor. Finally, he argued that the proposed statement of decision failed to adequately reveal the factual and legal basis for rejecting his three defenses to the claim for child support arrearages.

After receiving Father's objections to the proposed statement of decision, the trial court filed its statement of decision. The court stated its findings concerning the material facts and, with reasoned analysis, rejected Father's arguments concerning his three defenses to the claim for child support arrearages. (We examine the statement of decision in more detail in our discussion of the issues raised by Father on appeal.)

Based on its statement of decision, the trial court entered judgment against Father for child support arrearages in the amount of $262,276.32, including interest as of May 31, 2011.

DISCUSSION

I

*Adequacy of the Statement of Decision*

Father contends that the statement of decision issued by the trial court was inadequate because it did not address all material and controverted issues. The contention is without merit.

In California, "[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness. [Citations.]" (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) In a nonjury trial, the trial court is required to render a statement of decision on the timely request of a party, explaining the factual and legal basis for its decision as to each of the principal controverted issues for which the statement was requested. (Code Civ. Proc., § 632.) On appeal, the statement of decision provides a record of the trial court's reasoning on particular disputed issues, which the appellate court may review in determining whether the court's decision is supported by the evidence and the law. (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 647.)

Father argues that the trial court failed to make findings as to the defenses he alleged to Mother's request to establish child support arrearages. As we explain in the next three parts of this opinion, the trial court did not fail to make adequate findings.

Father also argues that the trial court's findings of fact were inadequate, noting that "not a single factual finding in the entire Amended Statement of Decision [was] favorable to him." Again, Father is wrong. That the trial court did not make findings of fact favorable to him does not make those findings legally inadequate.

On appeal, the appellant bears the burden of establishing prejudicial error. The California Constitution provides: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to

4

any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."  (Cal. Const., art. VI, § 13.)

Under this standard, the appellant bears the burden to show error and to establish that it is reasonably probable that the appellant would have received a more favorable result had the error not occurred.  (*People v. Watson* (1956) 46 Cal.2d 818, 836.)  "Injury is not presumed from error, but injury must appear affirmatively upon the court's examination of the entire record.  'But our duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument.  Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a "miscarriage of justice." ' [Citation.]"  (*In re Marriage of McLaughlin* (2000) 82 Cal.App.4th 327, 337.)

Father's brief fails to carry his burden on appeal to show error and prejudice.  His most basic shortcoming is that he relies only on the evidence most favorable to himself.  This violates the fundamental rule of appellate procedure when challenging a trial court's factual findings that an appellant must lay out the evidence favorable to the other side and show why it is does not support the judgment.  (*Tracy First v. City of Tracy* (2009) 177 Cal.App.4th 912, 934-935.)  Failure to properly lay out the evidence forfeits the substantial evidence challenge.  (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

Father's disagreement with the statement of decision does not render the statement of decision inadequate.  As we explain below, the trial court considered each defense in light of the evidence and properly applied the law.

## II

### *Equitable Estoppel*

Father contends that the trial court erred because it applied the wrong theory in determining that Father and Mother did not enter into an agreement to terminate child support. We conclude the evidence supported the trial court's decision under any legal theory because the court found that no such agreement was made.

Father testified at trial that he and Mother entered into an agreement that he would stay away from Mother and the child and, in exchange, she would not seek child support. He characterized this arrangement as an "ultimatum" on the part of Mother to " '[g]o away or I'll take your money and your son.' " Mother testified that no such ultimatum or agreement ever existed. She did not agree with Father that he could stop paying child support. In fact, she did not enter into any agreement with Father that was not memorialized in a court filing. She stated that Father stopped trying to see the child, and that things were more peaceful for her then.

The trial court rejected Father's assertion that there was an agreement to terminate child support. The court noted that (1) Mother denied there was a termination agreement; (2) Father did not assert the termination agreement in the court proceedings going on at the time; and (3) there were neither writings nor witnesses memorializing a termination agreement. Therefore, the trial court considered the evidence and found that Father's version of the facts was not credible.

This factual finding was supported by substantial evidence, as explained by the trial court. " ' "In general, in reviewing a judgment based upon a statement of decision following a bench trial, 'any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision. [Citations.]' [Citation.] In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of

6

the [findings]. [Citations.]' [Citation.] We may not reweigh the evidence and are bound by the trial court's credibility determinations. [Citations.] Moreover, findings of fact are liberally construed to support the judgment. [Citation.]" [Citation.]' [Citation.]" (*Jeffrey Kavin, Inc. v. Frye* (2012) 204 Cal.App.4th 35, 43.)

Because there was substantial evidence to support the trial court's finding that there was no agreement to terminate child support, we are bound on appeal to also conclude there was no agreement to terminate child support. With this in mind, we turn to Father's argument on appeal. He claims that the trial court committed reversible error because it ruled on a legal theory he did not raise and failed to rule on the legal theory he actually raised. While Father's argument that the trial court considered the wrong legal theory appears to have merit, it is not reversible error because the factual finding that there was no child support termination agreement renders ineffectual the theory raised by Father.

Father claimed in the trial court, as he does on appeal, that Mother is *equitably estopped* from asserting her right to child support arrearages because of an agreement he alleged was made between Mother and Father in 1996 to terminate his obligation to provide child support. Instead of couching Father's argument in terms of equitable estoppel, however, the trial court, in the statement of decision, referred to the argument as an "affirmative defense of waiver."

As Father notes, the theory of equitable estoppel is defined in Evidence Code section 623, which states: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." Father's argument is that Mother led him to believe by their agreement to terminate child support that she would not seek child support arrearages; therefore, she should be estopped from seeking arrearages.

7

While Father may be correct that the trial court applied the incorrect theory, that incorrect application does not entitle him to reversal because we cannot reverse a judgment unless the error complained of resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.)

Even if the trial court did not consider specifically the theory of equitable estoppel, it found that there was no agreement between Mother and Father to terminate child support. Therefore, we are bound to conclude that Mother did not intentionally and deliberately lead Father to believe that he was no longer required to pay child support, and Father's equitable estoppel theory is without merit.

### III

### *Waiver by Concealment*

Father contends that the trial court erred by finding that Mother did not intentionally waive her right to child support by concealing the child. Similar to the prior contention, this contention is without merit because the trial court properly found there was no factual basis for it: Mother did not conceal the child.

Concealment of a child may be a valid basis for denying child support arrearages. (*In re Marriage of Damico* (1994) 7 Cal.4th 673, 680; see also *State of Washington ex rel. Burton v. Leyser* (1987) 196 Cal.App.3d 451, 459.)

The problem with Father's argument is that the trial court, relying on substantial evidence, found that Mother did not conceal the whereabouts of the child from him. After Father discontinued contact with Mother, she stayed in the same residence for nearly 11 months. She worked for the same employer for about eight years, and Father admitted that he knew about her employment there. Also, Father's mother continued to send greeting cards to the child even after Mother and the child moved. The court found simply that Father failed to establish that Mother concealed the child's whereabouts.

8

On appeal, Father claims he made "herculean efforts" to find the child. However, the trial court's finding to the contrary is supported by substantial evidence. Father's claim of waiver by concealment was factually without merit.

IV

*Judicial Estoppel*

Finally, Father contends that Mother should be judicially estopped from claiming that he owes her child support arrearages because she did not list those arrearages in her 2008 bankruptcy case. As noted above, the trial court rejected this contention because (1) Father failed to establish that the child support arrearage should have been listed as an asset in Mother's bankruptcy case and (2), even if the arrearages should have been listed, there was no evidence that Mother acted in bad faith. Father fails to establish that this ruling was in error. Mother testified that her understanding when she filed her bankruptcy petition was that Father's child support arrearages were not an asset she was required to list. She also did not think of the arrearages as an asset because she had not been receiving payment and had not considered going to court to establish arrearages.

A party may be judicially estopped from maintaining incompatible positions in separate proceedings. The goals of judicial estoppel are to protect the integrity of the judicial system and prevent unfair strategies. It is an equitable doctrine, and its application is discretionary. (*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (2005) 36 Cal.4th 412, 422.) "It has been said that '[b]ecause of its harsh consequences, the doctrine should be applied with caution and limited to egregious circumstances.' [Citations.]" (*Blix Street Records, Inc. v. Cassidy* (2010) 191 Cal.App.4th 39, 47.)

Here, the trial court exercised its discretion and did not apply judicial estoppel. It based that exercise of discretion on the following facts: (1) it did not occur to Mother when she filed for bankruptcy that the child support arrearages were an asset that should be listed; (2) at that time of Mother's bankruptcy filing Father had not paid support in

9

over 10 years; and (3) Mother's bankruptcy attorney did not inquire concerning child support payments.

Under these circumstances, it was not an abuse of discretion for the trial court to decline to apply judicial estoppel. The court concluded that Mother did not act in bad faith in not listing the child support arrearages as an asset in her bankruptcy case and, even if there was a duty to list them, she was unaware of that duty. Accordingly, Father's contention that the trial court abused its discretion is without merit.

DISPOSITION

The order is affirmed. Mother is awarded her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


                                                       NICHOLSON       , Acting P. J.


We concur:


      MURRAY          , J.


      DUARTE          , J.