Filed 8/19/24  Rama v. Lassiter CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| MYRTEZA RAMA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYAN LASSITER,<br><br>    Defendant and Appellant. | 2d Civil No. B331071<br>(Super. Ct. No. 22CV03256)<br>(Santa Barbara County) |

Myrteza Rama (former husband, Father) obtained a civil harassment restraining order against Bryan Lassiter (new husband) following a confrontation between the two at a medical clinic.  Respondent was there for his daughter's medical appointment.  (Code Civ. Proc., § 527.6.)[1]  Appellant contends the evidence was insufficient to justify the order.  We affirm.

---

    [1] All further statutory references are to the Code of Civil Procedure.

*Facts and Procedural Background*

Appellant is now married to respondent's ex-wife, Ariella. Respondent and Ariella share two minor children. As part of the custody orders, respondent is entitled to attend his children's medical appointments.

In August 2022, appellant and Ariella were waiting with the children in the lobby of a medical clinic when respondent arrived. As respondent attempted to follow his daughter into the pre-examination room, there was a confrontation between appellant and respondent. After the medical appointment ended, respondent contacted police, reported the incident, and subsequently sought a civil harassment restraining order against appellant.

*Civil Harassment Restraining Order Hearing*

At the hearing on the civil harassment restraining order, Officer Scott McBeth testified that he responded to the call following the incident at the medical clinic. As part of his investigation, Officer McBeth spoke with respondent, appellant, and the medical assistant, Benjamin Gately. Officer McBeth testified that after his investigation, he determined there was probable cause that a "physical altercation had occurred and unwanted touching had happened" between appellant and respondent.

Appellant testified that he told respondent he "could not be there and had to stand back." Appellant denied that he told respondent to leave or that he blocked respondent from entering the pre-examination room. Appellant also denied that he pushed or shoved or had any physical contact with respondent.

Mr. Gately testified that he did not notice any physical contact between appellant and respondent. However, he

acknowledged that "it could have happened" without him noticing because he was busy weighing and measuring the patient and was not paying attention to what appellant and respondent were doing.

*Trial Court's Ruling*

After listening to testimony and considering the evidence, the trial court granted the civil harassment restraining order. In making its oral ruling, the trial court stated, "Certainly the evidence is ambiguous with respect to the issue of physical confrontation and blocking the doorway. What isn't ambiguous and what I find has been proven by clear and convincing evidence is that Mr. Lassiter initiated a confrontation with Mr. Rama when he clearly had the legal right to be at the appointment. So I'm prepared to grant the civil restraining order such that Mr. Lassiter is prevented from contacting or harassing Mr. Rama, including a provision that he stay at least 100 feet away from Mr. Rama at all times."

No party requested a statement of decision or sought clarification regarding the trial court's ruling. The trial court subsequently entered a written order.

*Discussion*

Appellant contends a civil harassment restraining order cannot be granted under section 527.6 based on a "single disagreement" where there was (1) no finding of unlawful violence, (2) no evidence of a credible threat of violence, and (3) no evidence of a course of harassing conduct.

Respondent contends the record contains substantial evidence that appellant engaged in both "unlawful violence" and a series of acts constituting a "course of conduct" harassment that

3

supports the trial court's issuance of the civil harassment restraining order.

A trial court may issue a civil harassment restraining order upon a finding, by clear and convincing evidence of "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subds. (a)(1), (b)(3) & (i); (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 496-497.)

We review the factual findings of the trial court, both express and implied, for substantial evidence. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188; *Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762 (*Schild*).) "'"'When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact.' . . .'"'" (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 511-512 (*Ashby*), quoting *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658.)

"We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild, supra*, 232 Cal.App.3d at p. 762.)

According to appellant, the "only basis" for the civil harassment restraining order was the trial court's finding that he "initiat[ed] a confrontation," which was "not a finding of a physical confrontation," and therefore "not sufficient grounds" for the order. On this point, he reiterates the trial court's comments

4

that, "'Certainly the evidence is ambiguous with respect to the issue of physical confrontation and blocking the doorway. . . .'"

But the trial court made no adverse credibility finding regarding respondent's testimony, nor did it expressly find an absence of physical contact. And a trial court's ruling may not be impeached by its contemporaneous remarks. (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646, citing *Yarrow v. State of California* (1960) 53 Cal.2d 427, 438 [trial court's comments may be "valuable in illustrating the trial judge's theory but . . . they may never be used to impeach the order or judgment"]; see *Ashby, supra,* 68 Cal.App.5th at p. 509 [trial court's order presumed to be correct].)

Furthermore, appellant did not request a statement of decision or ask the trial court for clarification regarding the basis for its order. Consequently, "we must assume that the trial court made whatever findings are necessary to sustain the judgment." (*Michael U. v. Jamie B.* (1985) 39 Cal.3d 787, 792-793, superseded on other grounds by statute as stated in *In re Zacharia D.* (1993) 6 Cal.4th 435, 448-449.)

Substantial evidence supports the trial court's issuance of the civil harassment restraining order. According to respondent, whose testimony we must accept, appellant physically blocked the door to the pre-examination room with his body and pushed respondent two times in the chest and shoulder. Additionally, Officer McBeth testified that, based on his investigation, he believed there was probable cause that a physical altercation and "unwanted touching" had occurred between appellant and respondent. This evidence is sufficient to support an implied

finding of "unlawful violence" harassment. (§ 527.6, subd. (b)(3), (b)(7).)[2]

Appellant disagrees and contends there was no "clear and convincing" evidence of physical violence. He cites his testimony that he did not push or shove appellant, the medical assistant's testimony that he did not witness any physical violence between appellant and respondent, and the lack of any evidence that appellant suffered physical injuries or sought medical treatment for any injuries.

But it is not our place to reweigh the evidence or the credibility of the witnesses. After considering all of the evidence, including appellant's and respondent's conflicting accounts of the incident, the trial court found, by clear and convincing evidence, that appellant "initiated a confrontation" with respondent and granted the civil harassment restraining order. On this record, reversal is not warranted.

*Disposition*

The trial court's order is affirmed. Respondent is entitled to his costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.                    CODY, J.

---

[2] Because we conclude substantial evidence supports an implied finding on this basis, we need not determine whether the evidence also supports an implied finding of "course of conduct" harassment.

6

Donna D. Geck, Judge
Superior Court County of Santa Barbara

_____

Morales Law and Marcus Morales, Mollyanne Wincek, Kirstin Klein, and Rivana Russo, for Defendant and Appellant.

Griffith & Thornburgh and John R. Rydell, II, Lauren A. Rode, for Plaintiff and Respondent.