Filed 7/15/25  Pylypchenko v. Linda L. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ANDRIY PYLYPCHENKO, Plaintiff and Appellant, v. LINDA L., Defendant and Respondent. | 2d Civ. No. B336497 (Super. Ct. No. D408447) (Ventura County) |

Andriy Pylypchenko (Pylypchenko) appeals an order granting a domestic violence restraining order (DVRO) (Fam. Code, § 6320) against him for the protection of Linda L., his ex-wife.  We affirm.

FACTS

Pylypchenko and Linda L. were married in June 2022.  They separated in December 2022 after a marriage of five months.  They have one minor child.

Linda L. filed a request for a DVRO against Pylypchenko.  She declared he "imprisoned [her] in [their] home and told his relatives to 'watch [her]' so [she] could not leave."  Pylypchenko

threatened to hurt her if she "tried to leave the home without his permission." He "screamed at [her] for hours calling [her] derogatory names." He called her a "stupid bitch," a "fucking cunt," and a "moron." She was afraid for her child's safety as he continued to scream at her "for hours."

Pylypchenko also attempted to restrict Linda L.'s ability to communicate with her family. When her mother called to talk with her, he "sat next to" her "to monitor [her] call to make sure [she] did not tell [her] family about his abuse."

Linda L. "tried to escape," but Pylypchenko "angrily dragged [her] into [their] bedroom, threatening [her]," and telling her that she could not leave. She was eventually able to "escape" when her uncle called the police and the police "escorted" her and her child out of the home.

Linda L. stayed at her mother and grandmother's home. Pylypchenko stalked her and tried to break into that home. He started "banging loudly on the front door." She opened the door and then tried to quickly close it. Pylypchenko "tried to push his way inside" the home. The police arrived. They told Pylypchenko to leave. They told Linda L. "to get a Restraining Order against [Pylypchenko] as soon as possible."

Linda L. followed the advice and filed an action for a restraining order. She testified Pylypchenko controlled her by confining her to her room multiple times, checking her communications, screaming at her, and calling her "vile names." She was afraid and felt she had to do whatever he said. Her child had a serious health condition. She believed Pylypchenko's abusive behavior could impact the child's health. She asked him to stop that conduct. He refused. He physically abused her. He

squeezed her breasts causing pain. She asked him to stop. He told her he enjoyed seeing her in pain.

Pylypchenko denied that he abused Linda L. He testified that he did not confine her to her room. "She's an adult." "[S]he can do whatever she wants to." He never "laid a finger on" her and was "never" aggressive with her. "I've only treated her with respect."

The trial court ruled that Linda L. had sustained her burden of proof and issued a DVRO. It found that Linda L. was a "protected" person and ordered Pylypchenko not to "[h]arass, attack, strike, threaten, . . . follow, [or] stalk" her. Pylypchenko "must stay at least" 100 yards away from her. He was prohibited from disturbing her "peace" and her "mental or emotional calm." It ruled "[d]isturbing the peace includes coercive control." "Coercive control" means "a number of acts that unreasonably limit the free will and individual rights of any person protected by this restraining order."

## DISCUSSION

### *The DVRO*

The trial court may issue a DVRO to protect a person from abusive conduct. Such conduct includes "coercive control," which is a " 'pattern of behavior that in purpose *or effect* unreasonably interferes with a person's free will and personal liberty.' " (*Parris J. v. Christopher U.* (2023) 96 Cal.App.5th 108, 121, italics added.) A single event may not " 'rise to the level of destruction of [the petitioner's] mental and emotional calm, sufficient to support [a DVRO].' " (*Ibid*.) Coercive control includes "[i]solating the other party from friends, relatives" (Fam. Code, § 6320, subd. (c)(1)), and "[c]ontrolling, regulating, or monitoring the other party's movements" (*id.*, subd. (c)(3)).

The DVRO expired on January 31, 2025.  But this appeal is not moot because Pylypchenko is subject to future potentially negative consequences because a DVRO was issued against him.  (*Cardona v. Soto* (2024) 105 Cal.App.5th 141, 148.)  An appeal from an expired order is not moot, however, if it "could have consequences for [a party] in . . . future court proceedings."  (*In re Cassandra B.* (2004) 125 Cal.App.4th 199, 209.)

Pylypchenko contends that during the hearing the trial court made several comments indicating that he did not intentionally abuse Linda L.  The court said the parties were immature young parents and he may not have realized the impact of his actions on her.  Pylypchenko claims these comments show the court determined that he did not intentionally subject her to coercive control and it erred by issuing the DVRO.

The trial court's comments were made *before* the court made its final ruling on Linda L.'s DVRO request.  The court found she *met her burden of proof*, Pylypchenko subjected her to *coercive control*, and she was entitled to DVRO relief.  Pylypchenko may not rely on comments the court made before it made its final ruling to challenge the judgment.  (*Burbank-Glendale-Pasadena Airport Authority v. Hensler* (1991) 233 Cal.App.3d 577, 591.)  Those comments "may never be used to impeach the order or judgment."  (*Ibid.*)  " 'Neither an oral expression nor a written opinion can restrict the power of the judge to declare his [or her] *final conclusion . . . .*"  (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 647, italics added.)  In its final decision, the court " 'may enter a wholly different judgment' " than the one it previously announced.  (*Id.* at p. 646.)  " '[We] are concerned with the correctness of the decision and

judgment,' " not comments the court previously made. (*Id*. at p. 647.)

The trial court's ultimate findings – that Linda L. met her burden of proof, was a "protected" person under the DVRO statute, and was subject to Pylypchenko's coercive control –show the court found she had adequately shown the grounds and necessity for the DVRO. (Fam. Code, § 6320, subd. (c); *Parris J. v. Christopher U., supra*, 96 Cal.App.5th at p. 121; *McCord v. Smith* (2020) 51 Cal.App.5th 358, 364-365.) The finding that Linda L. met her burden of proof showed her claims that his actions controlled her movements were true. Pylypchenko's claim that the court's prior comments support a different result is not relevant because the court had the authority to change its position in its final ruling. (*In re Marriage of Ditto, supra*, 206 Cal.App.3d at p. 647.)

Moreover, as Linda L. correctly notes, the dispositive issue for this appeal is "whether substantial evidence supports" the DVRO. In reviewing the sufficiency of the evidence, we draw all reasonable inferences in support of the judgment. (*In re Alexandria P.* (2016) 1 Cal.App.5th 331, 355.) We do not decide credibility of the witnesses or weigh the evidence.

Pylypchenko cannot challenge the sufficiency of the evidence to support the order because he has not cited to the parties' testimony in his opening brief. (*Parris J. v. Christopher U., supra*, 96 Cal.App.5th at p. 122.) His claim that there is no evidence to show he intentionally abused Linda L. is refuted by her testimony. Moreover, evidence of a pattern of behavior that has the "effect" of interfering with another person's liberty is sufficient to constitute "coercive control" under the DVRO statute. (*Id*. at p. 121.) Linda L.'s testimony showed his

5.

conduct subjected her to his coercive control.  Consequently, substantial evidence supports the finding that Pylypchenko engaged in a " 'pattern of behavior that in purpose *or effect* unreasonably interfere[d] with [Linda L.'s] free will and personal liberty.' " (*Id*. at p. 121, italics added.)  He has not shown error.

DISPOSITION

The order is affirmed.  Costs on appeal are awarded to respondent.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

BALTODANO, J.            CODY, J.

6.

JoAnn Johnson, Judge

Superior Court County of Ventura

_____

Bergman Law Group and Daniel A. Bergman for Plaintiff and Appellant.

Law Offices of Sharif & Wilkerson and Roger L. Wilkerson III for Defendant and Respondent.