Filed 9/15/25  Jennifer D. v. Dean D. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JENNIFER D.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DEAN D.,<br><br>    Defendant and Respondent. | 2d Civ. No. B340999<br>(Super. Ct. No. D412115)<br>(Ventura County) |

Jennifer D. (Jennifer) appeals an order of the superior court denying her request for a domestic violence restraining order (DVRO) (Fam. Code, § 6320) against her husband Dean D. (Dean).  We conclude, among other things, that Jennifer has not shown that the trial court erred by denying her request for a DVRO.  We affirm.

FACTS

Jennifer and Dean were married and they have a daughter.  Jennifer sought an ex parte temporary restraining order against Dean.  The court granted it pending a hearing on the merits.  It then set the case for trial.

Jennifer based her petition on an October 17, 2023, incident. She testified Dean fell asleep in his car with the garage door closed and the engine running. This was dangerous to her safety "due to potential carbon monoxide poisoning." When Dean got out of his car, he slammed his car door into the door of her vehicle which was parked next to his in the garage. Jennifer and her daughter testified that when he backed his car out of the garage, he was "yelling profanities" at Jennifer. Jennifer testified Dean grabbed her wrist and "shoved her aside." The trial court found a video recording of this incident did not support Jennifer's claims and her testimony was not credible.

Jennifer testified that on October 14, 2024, the family went to Las Vegas. During the trip Dean called her a host of profanities and gave her "the finger." Jennifer's daughter testified Dean used "the same list of profanities." Dean admitted he gave Jennifer the finger and told her to go to hell. He denied using the profane language Jennifer testified about. The trial court found Jennifer's and her daughter's testimony about this incident was not credible. Dean's testimony was credible. It found Dean's statement "go to hell" and giving Jennifer the finger did not amount to domestic violence.

Jennifer testified Dean was drunk while sleeping in his daughter's bed on February 22, 2023. The trial court found that Jennifer's claims were not true and that Jennifer was "the aggressor." Jennifer went into the room while Dean was attempting to sleep and began filming and "berating him."

Dean testified that he did not physically hurt Jennifer. He did not say or do anything to make Jennifer feel unsafe. He did not threaten her. Jennifer's claims that he had grabbed her and choked her were not true. Dean admitted that in arguments with

2.

Jennifer he had used foul language.  He testified Jennifer had initiated those arguments to insult him.

The trial court found Dean was credible.  Jennifer's claim that Dean "engaged in financial coercive control" was not true.  It found she "lied about what occurred in an effort to gain a strategic advantage during the hearing on her request for a DVRO."  The court denied her request for a DVRO.

## DISCUSSION

The trial court may issue a domestic violence restraining order to protect a person from abusive conduct that would " 'place a person in reasonable apprehension of imminent serious bodily injury' " or conduct of " 'molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, harassing' " another person.  (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1264.)  Such conduct includes coercive control that is a " 'pattern of behavior that in purpose or effect unreasonably interferes with a person's free will and personal liberty.' " (*Parris J. v. Christopher U.* (2023) 96 Cal.App.5th 108, 121.)  A single event may not "rise to the level of destruction of [the petitioner's] mental and emotional calm, sufficient to support the issuance of a [DVRO]."  (*Ibid.*)

The court deciding a request for a DVRO may properly consider who was the "aggressor" in the relationship.  (*In re Marriage of G.* (2017) 11 Cal.App.5th 773, 780.)  "We may not disturb a court's ruling on a request for a DVRO absent an abuse of discretion."  (*Ibid.*)

### *Substantial Evidence*

Jennifer claims there is evidence to show Dean committed a pattern of abusive conduct sufficient for the issuance of a DVRO.  But the issue is not whether some evidence supports Jennifer; it is whether substantial evidence supports the judgment.  (*Katsura*

3.

*v. City of San Buenaventura* (2007) 155 Cal.App.4th 104, 107.)
We draw all reasonable inferences in support of the judgment.
We do not weigh the evidence; that is the role of the trial court.
(*Ibid*.)  The trial court found Jennifer did not meet her burden to
show abusive conduct by Dean.  The court's findings are
presumed to be supported by substantial evidence.  (*Krueger v.
Bank of America* (1983) 145 Cal.App.3d 204, 207.)  " '[Appellants]
are required to set forth in their brief *all* the material evidence on
the point and *not merely their own evidence*.  Unless this is done
the error is deemed to be waived.' " (*Foreman & Clark Corp. v.
Fallon* (1971) 3 Cal.3d 875, 881.)

Jennifer does not cite to Dean's testimony where he said he
did not physically hurt her and did not say or do anything to
make her feel unsafe.  Dean testified her claim that he had
grabbed her was not true.  He did not threaten her.  Jennifer's
claim that he choked her was not true.  The trial court could
reasonably rely on this testimony to reach its decision.

Jennifer notes that in one message to her Dean wrote, "I'm
sorry for allowing you not to feel safe and loved."  She claims this
shows the trial court erred by not granting a DVRO.  But her
position is based on this ambiguous phrase in isolation and by
ignoring Dean's testimony that he did not do anything to make
her feel unsafe.  We cannot reweigh the evidence to give this
phrase controlling weight or resolve an alleged conflict between
this phrase and the remainder of Dean's testimony.  We do not
weigh the evidence, resolve evidentiary conflicts, or decide
credibility.  That is exclusively decided by the trial court.
(*Katsura v. City of San Buenaventura, supra,* 155 Cal.App.4th at
p. 107.)

4.

*Dean's Use of Foul Language*

Jennifer claims Dean used foul language, citing Dean's admissions that in messages to her he said, among other things, "You are truly . . . a piece of shit"; "[Y]ou are truly disgusting"; "Go to hell where you belong"; "You are rotten. Nice job asshole." But Dean testified he made these remarks during arguments Jennifer initiated to insult or provoke him. He said they were not threats to her physical or emotional state. The trial court found Dean was credible. It found his statements did not constitute "domestic violence."

Jennifer cites *In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106 and claims a DVRO should issue because Dean used foul language. But that case is distinguishable. "What disturbs the peace of a person" sufficient to support a DVRO "differs in each case." (*K.L. v. R.H.* (2021) 70 Cal.App.5th 965, 981.) In *F.M. & M.M.*, the court reversed the denial of a DVRO because the wife's evidence showed grounds for a DVRO. Jennifer claims the husband in that case was subject to a DVRO for using foul language. But he did more than that. He was the aggressor; the wife was the victim. She was abused for two years. The husband made multiple threats to kill her; he had beaten her. He was arrested for pushing her. His assault left a bruise on the wife's hand. He removed her daughter from the house without her permission.

There may be cases where using foul language will support granting a DVRO, but the trial court could reasonably find this was not such a case. From Dean's testimony it could reasonably infer that he made some foul remarks after being provoked by Jennifer on a couple of occasions. The court also found Jennifer was the "aggressor." Dean's conduct was not comparable to *In re*

*Marriage of F.M. & M.M.*  The court could find it was not the type of conduct that would place Jennifer in fear of bodily injury, restrict her freedom, and was not a pattern of threatening or abusive conduct that would support a DVRO.  (*S.M. v. E.P.*, *supra*, 184 Cal.App.4th at pp. 1264-1265.)

"The DVPA was not enacted to address all disputes between former couples . . . ."  (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 13.)  Jennifer had to show more than a few vulgar remarks to prevail.  (*S.M. v. E.P.*, *supra*, 184 Cal.App.4th at pp. 1258, 1263-1264 [husband's act of badgering wife and calling her bad names–e.g., a "cold bitch"–was not sufficient for a DVRO].)  In *K.L v. R.H.*, *supra*, 70 Cal.App.5th at page 981, the court held calling the other party foul names was not sufficient.

The court must make sure "the moving party has, in fact, been victimized."  (*Conness v. Satram* (2004) 122 Cal.App.4th 197, 205.)  Vulgar words, without more, are "not actionable per se."  (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 273-274.)  "Vulgar name-calling alone is not domestic violence."  (*R.G. v. R.G.* (N.J. Super.App.Div. 2017) 156 A.3d 1074, 1085.)  "While unpleasant and harsh, name calling alone does not rise to the level of domestic abuse . . . ."  (*Carrie v. Jones* (La.Ct.App. 2022) 334 So.3d 834, 844, fn. 6; *Thelma U. v. Miko U.* (N.Y.App.Div. 2016) 145 A.D.3d 527, 528 [mere use of foul language could not be enjoined as harassment].)  Courts properly distinguish between mere name calling and more serious conduct.  (*K.L. v. R.H.*, *supra*, 70 Cal.App.5th at p. 981.)  Moreover, Jennifer had to prove how Dean's remarks "victimized" her.  (*Conness*, at p. 205.)  A DVRO may not issue simply based on "any act that upsets the petitioning party."  (*Curcio v. Pels*, *supra,* 47 Cal.App.5th at p. 13.)

Here the trial court could reasonably reject Jennifer's claim that Dean's remarks rose "to the level of destruction of [Jennifer's] mental and emotional calm, sufficient to support the issuance of a [DVRO]" (*Curcio v. Pels*, *supra*, 47 Cal.App.5th at p. 13), because it found she "lied" about *being abused*. It could find she did not show a DVRO was necessary to prevent abuse from "occurring in the future." (*In re Marriage of F.M. & M.M.*, *supra*, 65 Cal.App.5th at p. 117; *In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1499, fn. 8.) The court found Dean candidly took responsibility for his actions. A DVRO will not issue to "punish" Dean for merely using some foul language in the past. (*F.M. & M.M.*, at p. 117.)

The trial court also found that Jennifer's claims that Dean grabbed her and "shoved her aside" were not credible, and that Jennifer was "the aggressor" in the October 17 and February 22 incidents. Jennifer testified about the October 14, October 17, and February 22 incidents. But the court found she "lied . . . on her request for a DVRO." It found "no coercive control was exerted by [Dean]" over Jennifer. Jennifer has not shown the court's findings are not supported by substantial evidence. (*Foreman & Clark Corp. v. Fallon*, *supra*, 3 Cal.3d at p. 881.)

*Statement of Decision*

Jennifer contends the trial court's statement of decision is inadequate. She claims it did not mention all the evidence and consider all her objections and legal arguments.

But a "statement of decision need not address all the legal and factual issues raised by the parties." (*Muzquiz v. City of Emeryville* (2000) 79 Cal.App.4th 1106, 1124-1125.) "Instead, it need do no more than state the grounds upon which the judgment rests, without necessarily specifying the particular evidence

7.

considered by the trial court in reaching its decision." (*Id*. at p. 1125.) The court is required " 'to state only ultimate rather than evidentiary facts.' " (*Ibid*.)

Here the nine-page statement of decision was a comprehensive review of the trial, Jennifer's claims, Dean's response, and the parties' testimony. The trial court reviewed both the ultimate issues and the evidentiary facts.

Jennifer claims the trial court's statement of decision is different from the earlier comments the court made at trial regarding the parties' credibility. But the court's comments "may never be used to impeach" the court's final decision. (*Burbank-Glendale-Pasadena Airport Authority v. Hensler* (1991) 233 Cal.App.3d 577, 591.) " '[A] court is not bound by its statement of intended decision and may enter a wholly different judgment than that announced.' " (*In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646.)

Jennifer claims the trial court entered the statement of decision prematurely and did not give her 15 days to respond to the proposed statement of decision. But "the premature signing of a proposed statement of decision does not constitute *reversible* error unless actual prejudice is shown." (*Heaps v. Heaps* (2004) 124 Cal.App.4th 286, 292.) Here there is no such showing. The court found Jennifer's testimony was not credible; that finding is fatal to her claims on appeal.

DISPOSITION

The order is affirmed.  Costs on appeal are awarded to respondent.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:



BALTODANO, J.



CODY, J.

9.

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Robert L. Schibel; Stephen Temko for Plaintiff and Appellant.

Blevans, Itzkowitz & Cantrell, Evan Craig Itzkowitz; Garrett C. Dailey for Defendant and Respondent.