Filed 10/28/25  Blanco v. Lazzareschi CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| ENEDINA BLANCO, | C100617 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0043042) |
| v. | |
| RICHARD LAZZARESCHI et al., | |
| Defendants; | |
| AYANNA DE LA TORRE-HERRERA, a Minor, etc., | |
| Intervener and Respondent. | |

Justo De La Torre-Blanco (Justo) died intestate in a construction site accident. The trial court's judgment allocated a portion of the settlement proceeds to Justo's mother, appellant Enedina Blanco (grandmother), for economic and noneconomic damages, and the remainder to respondent, Justo's minor child (grandchild).

On appeal, grandmother contends that:  (1) the trial court erred in failing to award her noneconomic damages because, when compared to the tentative decision, the

1

judgment did not increase the amount allocated to her despite adding a noneconomic damages award; and (2) the trial court expressed favoritism towards children over adults at trial that contributed to its failure to award her any noneconomic damages.

Grandchild urges us to dismiss the appeal as frivolous.

We disagree with grandmother's first contention. The judgment explicitly awarded her noneconomic damages. It superseded the tentative decision and cannot be impeached by the tentative decision on appeal. As such, we need not address grandmother's second contention. But we do not find the appeal frivolous simply because it is without merit.

The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

Justo died intestate in a construction site accident. Grandmother filed a complaint for wrongful death as Justo's successor in interest. Grandchild intervened, stating that she is the sole beneficiary of Justo's estate and his sole successor in interest. Grandmother challenged grandchild's standing, arguing that Justo was not grandchild's father, and that Justo died unmarried and without issue. The claims by and against third parties were resolved.

The trial court held a bench trial to determine: (1) who had standing to bring the wrongful death action; and (2) the allocation of the wrongful death settlement proceeds. In its tentative decision, the trial court found that both grandmother and grandchild had standing to sue because grandmother was a dependent parent and Justo was grandchild's father. As for the allocation of settlement proceeds, "[b]ased on a reasonable calculation of financial support and life expectancy of [grandmother,] the court award[ed] her $100,000. The balance of the funds held in trust [were] awarded to [grandchild] as the sole and surviving child of Justo." The tentative decision stated it would become the statement of decision and judgment of the court unless a party timely objected.

2

Grandmother requested a statement of decision to address, among other things, the lack of noneconomic damages awarded to her.

In the statement of decision and judgment of the court (the judgment), the trial court found it unnecessary to decide whether grandmother was entitled to noneconomic damages because "[grandchild]'s combined economic and noneconomic damages alone exceed the total available recovery fund." Instead, it "must apportion the limited and insufficient recovery funds based on a determination of the *relative* extent of the parties' injuries." In the end, the trial court allocated "$100,000 to [grandmother] for her total economic and noneconomic damages, and the remainder to [grandchild] for her total economic and noneconomic damages."

Grandmother timely appeals.

DISCUSSION

I.     *Noneconomic Damages*

Grandmother contends the trial court failed to award her noneconomic damages because it "did not increase the amount that was allocated to [her] from the tentative decision to the final statement of decision despite adding a category of damages to the award." We disagree.

"[A] trial court retains inherent authority to change its decision, its findings of fact, or its conclusions of law at any time before entry of judgment and then the judgment supersedes any memorandum or tentative decision or any oral comments from the bench." (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268.) We therefore "disregard the trial court's tentative ruling . . . and consider only the trial court's final order on the motion." (*Silverado Modjeska Recreation & Park Dist. v. County of Orange* (2011) 197 Cal.App.4th 282, 300-301.)

Here, the trial court awarded "$100,000 to [grandmother] for her total economic and noneconomic damages" in the judgment. The judgment superseded the tentative decision. Grandmother invites us to compare the judgment and the tentative decision

3

"side by side," claiming the comparison demonstrates the judgment in fact awarded her $0 in noneconomic damages. We decline the invitation, because "[a] tentative decision cannot be relied on to impeach the judgment on appeal." (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1284; accord, *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 647 [a tentative decision " 'cannot be resorted to for the purpose of *impeaching* or gainsaying the findings and *judgment*' "].)

Grandmother also contends the tentative decision must be given more weight because it would have become the final judgment but for her request for a statement of decision. But this is the nature of a tentative decision. (Cal. Rules of Court, rule 3.1590(c)(1) [the trial court in its tentative decision may state that it is the court's proposed statement of decision, subject to a party's objection].) Grandmother fails to cite any legal authority to support her proposition that a tentative decision carries more weight when it is closer to becoming the final judgment.

Grandmother also contends the trial court expressed doubt over her entitlement to noneconomic damages. But under ordinary appellate review, we are concerned with the correctness of the trial court's decision and judgment, not its reasons. (*Estate of Kampen* (2011) 201 Cal.App.4th 971, 1000.)

Having concluded the trial court awarded grandmother noneconomic damages, we need not address her claim that the trial court's favoritism towards grandchild contributed to its failure to award noneconomic damages to grandmother.

## II.    *Frivolous Appeal*

Although we have concluded that grandmother's appeal lacks merit, it is not frivolous as grandchild asserts.

"[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive — to harass the respondent or delay the effect of an adverse judgment — or when it indisputably has no merit — when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty*

4

(1982) 31 Cal.3d 637, 650.) We must interpret this definition "to avoid a serious chilling effect on the assertion of litigants' rights on appeal." (*Ibid.*) For that reason, "[a]n appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions." (*Ibid.*; accord, *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 518.)

Grandchild analogizes this case to *Gong & Kwong*, where the court found an appeal frivolous because it went "far beyond asserting an unmeritorious claim." (*Gong & Kwong*, *supra*, 163 Cal.App.4th at p. 518.) But grandchild does not allege the instant appeal is anything other than meritless. Although she claims that the appeal leaves her struggling for housing due to the pause in her monthly disbursements, she does not contend the pause is an intended consequence of the appeal. We decline to find this appeal frivolous merely because it lacks merit.

DISPOSITION

The judgment is affirmed. Grandchild shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/_____
MESIWALA, J.


We concur:


/s/_____
KRAUSE, Acting P. J.


/s/_____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.